Plaintiff, The Morristown Trust Company, as substituted trustee of the trust created under the will of Katharine Brinley Huntington prays the court to construe the codicil to the last will and testament of the decedent and to advise whether under the circumstances the court will exercise its equitable power cypres and direct plaintiff as to the manner in which the trust shall hereafter be administered.
Decedent died February 23, 1902, and the codicil to her will duly probated provides:
"I, Katharine Brinley Huntington, of Huntington, Florida, being in full possession of my faculties will and bequeath the sum of Five thousand dollars (say $5,000.) to be used for the GLORY OF GOD and support of ALL SAINTS CHURCH, Huntington, Florida, in memory of my beloved sister Elizabeth Wilson, as follows, namely that this sum be suitably invested and that of the annual interest a sufficient sum shall be used first to pay the fire insurance on the church and contents and to keep this house of God and its grounds in thorough repair and good condition, this matter having been neglected by the Church authorities, also such sum as my appointed Trustees shall direct may be used for the benefit of the Sunday School attached to this Church, of the remaining interest a suitable sum shall be paid to the pastor, or minister appointed to conduct the services in connection with this Church, and in the event of no services being held regularly my trustees shall have the power to withhold and I direct them to withhold this salary until such time as the services shall be resumed, or to pay in such proportion as they shall see fit. In the event of fire or any other element destroying the Church or part of it, the amount shall be withheld until the Church or such part is rebuilt, and if however the Church or part of it is not rebuilt for a period of five years this bequest shall lapse and the sum revert to my estate."
After the death of the testatrix income from said trust was from time to time paid to All Saints Church pursuant to the terms of the trust until about the year 1943 when the church building theretofore located in Huntington, Florida, and used by the Episcopal congregation in that community was physically removed to Murray Hill, a suburb of Jacksonville, Florida. Plaintiff being advised of this fact no longer made payments of income from the trust to anyone. Huntington and Murray Hill are approximately 60 miles apart. The removal of the church building was occasioned by the fact that all families of the Episcopalian communion had departed from *Page 421 
Huntington, a community of about 200 persons and Murray Hill was the site chosen because of the needs of the Episcopalian community for a place of worship. The church located in Murray Hill is being used by an Episcopal body known as St. Stephens' Mission. The Protestant Episcopal Church in the Diocese of Florida holds legal title to the land upon which the church building stood at Huntington, as well as the land on which the building stands in Murray Hill and administers the affairs of the Episcopal congregations within this Diocese, including the former congregation at Huntington and the present one at Murray Hill.
The defendants, Mary Brooks Whittemore, Emily Morgan Crosby, Anne Huntington O'Donnell and Frances Huntington LeBouvier, who are the residuary legatees under the will of decedent contend that the charitable purposes of the trust have become impossible of performance, and that consequently the corpus of the trust, together with accumulated income, reverts to testatrix' residuary estate and should be administered by plaintiff accordingly. The Protestant Episcopal Church in the Diocese of Florida takes the position that while the trust was established by the decedent for the purpose of preserving the church building in Huntington, Florida, the real object of testatrix' bounty was the carrying on in a suitable manner of the worship and services of the church of which decedent was a devout member, and that by the application of the equitable doctrine of cy pres this defendant is entitled to receive the income from the trust thereby created to support and maintain St. Stephens' Mission in Murray Hill where the original church building of All Saints Church is now located, and to support and maintain the church building of the Mission of the Holy Comforter at Crescent City, and to support the organized missions generally in the Diocese of Florida.
When a gift for charitable uses can no longer be administered in exact accordance with the intention of the donor, this Court has the undoubted power, under its general equity jurisdiction, to direct that the gift be administered cy pres — that is, as nearly as possible in conformity with the intention of the donor.MacKenzie v. Trustees of Presbytery of *Page 422 Jersey City, 67 N.J. Eq. 652, 61 Atl. 1027; Brown v.Condit, 70 N.J. Eq. 440, 61 Atl. 1055; Larkin v. Wikoff,75 N.J. Eq. 462, 72 Atl. 98, affirmed 77 N.J. Eq. 589,78 Atl. 1134.
"Where a testator has two objects in view, one primary or general and the other secondary or particular, and these are, literally speaking, incompatible, the secondary object must be sacrificed in order that effect may be given to the general object. Where the will exhibits an intention that the donation shall be devoted to a specific charitable purpose and prescribes a particular mode or means by which the purpose shall be carried out, the failure of the mode or means, after the donation has taken effect, will not defeat the charitable purpose. The specification of the manner of doing the thing often is only directory, and the implication, in such case is that the donor has intended that his purpose shall, if necessary, be effectuated in some other way. This is not substituting a different charity for the one which the donor founded and which has failed, but it is carrying out the donor's general intention by the use of means other than those specified by the donor, when the specific means have become impracticable. MacKenzie v. Trustees, supra; Brownv. Condit, supra." In re Young Women's Christian Asso.,96 N.J. Eq. 568, 574, 126 Atl. 610.
"The doctrine of cy pres is therefore the doctrine of nearness or approximation * * * in the law of charitable trusts, where gifts have been made for charitable purposes which, either originally or in the course of time, cannot be literally executed. * * * the gift will be administered, as nearly as may be, according to the donor's purpose, under general rules of law. * * *." MacKenzie v. Trustees, etc., supra.
"And it is to be remembered" quoting Chief Justice Beasley inHesketh v. Murphy, 36 N.J. Eq. 304, 309, "that it is the acknowledged doctrine that in all matters of construction courts are bound to lean in favor of charity rather than against it."
What the testatrix had in mind was to create a trust "for the Glory of God." That was her primary and dominant intention. I doubt not that had testatrix foreseen that the church building located at Huntington would at some future time be removed from Huntington to Murray Hill to meet the needs of the Episcopalian members of that community for a place of worship that she would have provided for the continuance of the trust at that place. The gift should not be held to lapse and thus defeat the primary intention of the testatrix. *Page 423 
It is concluded that under a proper construction of the codicil to the will of decedent and by the application of the equitable doctrine of cy pres, the Protestant Episcopal Church in the Diocese of Florida is entitled to the income from the trust created to support and maintain St. Stephens' Mission in Murray Hill where the original church building of All Saints Church formerly located at Huntington is now located, and for the support of the organized missions generally of the Protestant Episcopal Diocese of Florida. Thus the trust will be continued for the use for which the testatrix intended it.
Judgment in accordance herewith.